THE STATE v. BURDETT, *Appellant.*

Division Two, November 7, 1898.

1. **Appeals:** PRACTICE: MOTION FOR NEW TRIAL: BILL OF EXCEPTIONS. Motions for new trial and in arrest of judgment, applications for continuance and instructions, are not parts of the record proper, and unless made a part of the bill of exceptions, they will not be noticed by the appellate court. They can only become part of the record proper, by proper exceptions preserved in the bill.

2. ——: ——: ——: ——: CASE STATED. The motion for a new trial is not made a part of the bill of exceptions in this case, nor is it called for by appellant in the bill. But in the record proper the clerk has incorporated the motion for a new trial, and the order overruling it; but nowhere in the bill is there any exception preserved to the action of the trial court in overruling the motion. *Held* that the appellate court can consider no assignment of error appearing in the motion for a new trial.

3. **Burglary:** "CURTILAGE:" SUFFICENCY OF INDICTMENT. In this case it is *held* that the indictment sufficiently charges that the smoke-house, which was burglarized, "was within the curtilage of the dwelling house, but not a part thereof," according to the requirements of section 3526, Revised Statutes 1889.

4. **Burglary and Larceny:** CONVICTION. The accused may be convicted of burglary, without being convicted of larceny.

*Appeal from Christian Circuit Court.*—HON. ARGUS
Cox, Special Judge.

AFFIRMED.

*Francis M. Wolf, O. E. Gorman* and *John Schmook, Jr.,* for appellant.

(1) The indictment fails to charge defendant with "feloniously and burglariously bursting and.

breaking" as required by statute.   And does not allege that the smokehouse was then and there situated, or then and there being a building within the curtilage of the dwelling house of the said W. E. Thrower.   And does not allege that the building broken into did not form a part of the dwelling house.   And, even if the indictment can fairly be constructed to allege that said building did not form a part of the dwelling house, then it is defective for not alleging that said building did not then and there form a part of the dwelling house.   It is impossible to determine from reading the indictment whether the "divers of goods and chattels" were in the dwelling house or in the smokehouse.   It does not allege that the meat taken was then and there the personal property of W. E. Thrower and one J. W. Morris.   It does not allege that the meat taken was then and there found in the smokehouse, but on the contrary alleges that the owners of the stolen property were then and there found in the smokehouse. The indictment in closing fails to allege that defendant feloniously and burglariously did steal, take and carry away.   (2)   There can be no conviction on charge of burglary when there is a failure of proof as to larceny.   There is no evidence that defendant was present or knew anything of the burglary, yet under the court's instruction defendant was acquitted of larceny and convicted of burglary.   The evidence does not warrant a conviction of burglary.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, and *W. W. Graves*, for the State.

(1)   The indictment herein is good.   It charges all the necessary things to constitute  urglary in the second degree.   The house was proper.y described as

being within the curtilage of a dwelling house, but not a part thereof. R. S. 1889, sec. 3526; *Koster v. People*, 8 Mich. 431; *Byrnes v. People*, 37 Mich. 515; 4 Ency. Plead. & Prac., p. 749, n. 1. (2) The omission of the names of the confederates or accessories, or the failure to aver their names as unknown, is immaterial. They are not jointly indicted with the defendant, and a complete offense is charged without this allegation. *Dugger v. State*, 27 Tex. App. 95; *State v. Patterson*, 52 Kas. 335; *State v. Campbell*, 17 So. 441; *Anderson v. State*, 38 Fla. 3; *State v. Garret*, 80 Iowa, 589; *Spies v. People*, 122 Ill. 242. (3) Such allegation is mere surplusage, and may be discarded entirely, if the remaining portion sufficiently charges the crime, and definitely advises the defendant of the exact charge against him. (4) The motion for new trial is only found in the record proper and not in the bill of exceptions. In such cases it constitues no part of the record to be reviewed by this court. The act of the clerk of the court putting the motion in the record in this way makes it no part of the record. Such motion must be preserved in the record by the bill of exceptions and not otherwise. *Perkins v. Bakrow*, 39 Mo. App. 331; *Jefferson City v. Opel*, 67 Mo. 394; *State v. Griffin*, 98 Mo. 672.

GANTT, P. J.—At the February adjourned term of the circuit court of Christian county for the year 1897, the following indictment was duly preferred against the defendant C. M. Burdett:

"The grand jurors of the State of Missouri, impaneled, sworn and charged to inquire within and for the body of Christian county, upon their oath present that C. M. Burdett, late of the county and State aforesaid, on the twenty-seventh day of March, A. D. 1897, at the county of Christian and State of Missouri, did

then and there unlawfully, feloniously and burglariously, with the assistance and aid of one or more confederates, then actually present, aiding and assisting, break into and enter the smokehouse of one W. E. Thrower, by then and there feloniously and burglariously forcibly bursting and raising the latch of the outside door of the said smokehouse there situate, the said smokehouse being a building within the curtilage of the dwelling house of the said W. B. Thrower, in which dwelling house then and there resided the said W. E. Thrower and family, and the said smokehouse not being or forming a part thereof, the said dwelling house, in which said smokehouse there was then and there kept divers of goods and chattels, and with the intent then and there feloniously and burglariously to steal, take and carry away six middling pieces of hog meat of the value of twenty dollars, of the personal property of the said W. E. Thrower and one J. W. Morris, then and there in the said smokehouse being found, and did then and there feloniously and burglariously break into and enter the said smokehouse in the manner aforesaid described, and then and there feloniously and burglariously steal, take and carry away the said six middling pieces of hog meat of the property and value as aforesaid described, against the peace and dignity of the State.''

The defendant demurred to this indictment and his demurrer having been overruled, he was duly arraigned and entered his plea of not guilty. Upon a trial he was found guilty of burglary in the second degree, and sentenced to three years imprisonment in the penitentiary. From that sentence this appeal is prosecuted.

I. At the threshold of our investigation of the errors alleged to have been committed by the circuit court we are confronted with the proposition that the

record proper only is before us; in other words, that the so-called bill of exceptions is such only in name, and not in fact or law. If this be so it will save the examination and decision of numerous points discussed in defendant's brief.

Upon examination of the transcript we find the motion for new trial is not made a part of the bill of exceptions, nor is it called for in the bill by defendant. It does indeed appear that in the record proper the clerk has incorporated a motion for new trial and the order overruling it. But nowhere, in the bill of exceptions was any exception taken or preserved to the action of the court in overruling the motion.

It has long been held by this court that motions for new trial, and in arrest of judgment, application for continuance and instructions were not a portion of the record proper, and unless made a part of the bill of exceptions would not be noticed by this court. *State v. Griffin*, 98 Mo. 672, and cases cited. Being no part of the record proper, it necessarily followed that they could only become part of the record by proper exceptions. *State v. Gilmore*, 110 Mo. 1.

From these rulings it results that in legal contemplation there is no motion for a new trial in the record, and this court in a long line of decisions has held that it will not consider objections to the action of the circuit courts which were not brought to the attention of the circuit court by a motion for new trial. *Ross v. Railroad*, 141 Mo. 390; *Cowen v. Railroad*, 48 Mo. 556; *Matlock v. Williams*, 59 Mo. 105; *State v. Murray*, 126 Mo. 526; *State v. Harvey*, 105 Mo. 316; R. S. 1889, sec. 4221.

II. The sufficiency of the indictment alone remains to be considered.

This indictment is evidently intended to charge an offense under section 3526 of Revised Statutes of 1889.

That section provides that "Every person who shall be convicted of breaking and entering any building within the curtilage of a dwelling house but not forming a part thereof . . . . . . . shall on conviction be adjudged guilty of burglary in the second degree." It was ruled in *State v. Schuchmann,* 133 Mo. 111, that an indictment under this section must charge that the building in which the burglary was committed was within the curtilage. Here the averment is "did then and there feloniously break and enter the smokehouse of one W. E. Thrower by then and there feloniously and burglariously forcibly bursting and raising the latch of the outside door of the said smokehouse there situate, the said smokehouse being a building within the curtilage of the dwelling house of the said W. E. Thrower, in which dwelling house then and there resided the said W. E. Thrower and family, the said smokehouse not being or forming a part thereof."

Holding as we do that every indictment must contain and set forth every necessary ingredient of the offense sought to be charged, we think this indictment distinctly charges the place, to wit, "at the county of Christian in the State of Missouri," and the felonious and burglarious breaking and entering into a smokehouse *"there situate"* and fully met the requirements of the statute and the decision of this court in the *Schuchmann* case, *supra,* in averring *that said smokehouse was within the curtilage of the dwelling house of W. E. Thrower,* but was not a part thereof.

It remains only to add that it was entirely competent to convict the defendant of burglary without convicting him of larceny also. *State v. Brinkley,* and *Handly,* 146 Mo., p. ——.

Perceiving no error in the record, the judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.