**STATE of Missouri, Plaintiff-Respondent,**

v.

**Alphonso LANE, Jr., Defendant-Appellant.**

**No. 34575.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 26, 1973.

Frederick R. Buckles, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Richard E. Vodra, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant, Alphonso Lane, Jr., was charged with the offenses of burglary second degree and one prior felony conviction. The jury returned a verdict finding the defendant guilty of burglary second degree. Since it was alleged and proved that the defendant had been convicted of one prior felony, the Court determined his punishment, and sentenced him to serve eight years in the custody of the Department of Corrections of the State of Missouri. Defendant appeals.

On the night of October 5–6, 1971, the Archway Car Care Center, a service station at 12th and Delmar Streets in the City of St. Louis, was broken into. Thirty-two automobile tires were removed from the premises. Entry was gained into the service station through a broken window in one of the three overhead doors that lead into the service bays where the automobiles are worked on. These doors are opened and closed regularly in the course of business and the record indicates that the doors had been opened and closed several times during October 5th. The overhead doors are approximately ten feet high and composed of twelve panes of glass, three rows across and four rows up and down. Each pane of glass is approximately thirty inches by thirty-six inches. The window pane that was broken was on the last door on the left, when facing the station, and was in the lowest row of panes.

On the morning of October 6, 1971, Mr. Engelage, the service station owner, upon arriving at the station, noticed the broken window pane in the overhead door and the broken glass lying in front of the overhead door. Mr. Engelage called the Police Department. Officer Sengheiser of the Evidence Technician Unit was dispatched to the scene. Officer Sengheiser examined the broken glass in front of the overhead door and processed these pieces for latent fingerprints. Fingerprints were found on four separate pieces of glass. Two of the pieces of glass had fingerprints which were directly opposite one another on different sides of the glass. Officer Sengheiser "lifted" these prints from the glass onto cards and turned them over to Detective Paul English, a fingerprint identification expert with the St. Louis Metropolitan Police Department. Detective English

identified several of the prints as belonging to the defendant. Detective English also identified two prints coming from opposite sides of the same piece of glass as corresponding to the defendant's left thumb and left forefinger (Exhibit 5). Officer Sengheiser testified that he found prints on both sides of another piece of glass (Exhibit 6), but Detective English stated that he only found the defendant's left thumb print on that piece.

Eric Cook, the attendant on duty at Engelage's service station, on October 6, 1971, testified that when he closed up the station at approximately 12:05 a. m., all the doors were locked and the glass in the overhead doors was intact. Eric Cook and Mr. Engelage both testified that they had never seen the defendant at the service station. The defendant did not take the stand. The fingerprint evidence was the only evidence presented at trial connecting the defendant with the commission of the burglary.

■ ■ On several occasions, the Missouri Supreme Court has stated that where the evidence of defendant's agency in connection with the crime charged is entirely circumstantial, " . . . the facts and circumstances relied upon by the State to establish guilt 'must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence.' . . ." State v. Thomas, 452 S.W.2d 160, 162 (Mo.1970); State v. Allen, 420 S. W.2d 330, 333 (Mo.1967); State v. Deutschmann, 392 S.W.2d 279, 282 (Mo. 1965); State v. Walker, 365 S.W.2d 597, 601 (Mo.1963); State v. Murphy, 356 Mo. 110, 201 S.W.2d 280, 282 (1947). Ordinarily evidence of a single, isolated fact, however incriminating, is not sufficient to support a conviction. State v. Allen, supra, 420 S.W.2d at 333; State v. Schrum, 347 Mo. 1060, 152 S.W.2d 17 (1941). Also, the fact that the accused may have been present at the scene of the crime or that he may have had the opportunity to commit the offense is not circumstantial evidence to justify conviction. State v. Allen, supra, 420 S.W.2d at 333; State v. Castaldi, 386 S.W.2d 392, 395 (Mo.1965); State v. Whitaker, 275 S.W.2d 322, 324 (Mo. 1955).

■ The only question that is before this Court on appeal is whether the presence of the defendant's fingerprints at the scene of the crime is sufficient evidence to sustain his conviction? Our Supreme Court on several occasions, State v. Thomas, supra; State v. Schleicher, 442 S.W.2d 19, 21 (Mo.1969); State v. Allen, supra, 420 S.W.2d at 333; has cited, with approval, Anno. Evidence, Finger, Palm or Footprint, 28 A.L.R.2d 1115, §§ 28, 29. This annotation discusses the issue of proof when fingerprints are found in a place where a crime has been committed under such circumstances that they could have been impressed only at the time the crime was committed. It concludes that if the prints found correspond to those of the accused this evidence may be sufficient proof of identity to sustain a conviction. It is our opinion that, under the facts of this case, the defendant's fingerprints could have been impressed on the broken glass only at the time the crime was committed. The evidence indicates that a hole was broken in the window and then the remaining glass was picked out of the windowpane and stacked in front of the door. One of the pieces of glass with the defendant's fingerprints on it revealed defendant's left thumb print on one side of the glass and the print of his left forefinger on the other side of the glass directly opposite the other print. The location of these prints clearly indicates that the defendant picked that particular piece of glass out from the broken pane of glass. Since entrance to the service station was gained through the window and the window had been intact when the last service station attendant left for the night, it is apparent that the defendant's prints were impressed at the time

the breaking and entering occurred. Therefore, the fingerprints of the defendant at the scene of the crime were sufficient proof of defendant's identity to sustain his conviction. Accordingly, we affirm.

DOWD, C. J., and WEIER and CLEMENS, JJ., concur.