**STATE of Missouri, Respondent,**

v.

**James MOORE and Irvin Brown, Appellants.**

No. 28043.

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

William G. Mays, II, Columbia, for appellants.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW J. HIGGINS, Special Judge.

Appeal from convictions of burglary, second degree. Appellants question the sufficiency of the evidence. Affirmed.

Appellants contend (I) that the State's evidence "was circumstantial, was insufficient to disprove the innocence of the defendants, and merely raised a suspicion of guilt." See *State v. Walker*, 365 S.W.2d 597 (Mo.1963); *State v. Schrum*, 347 Mo. 1060, 152 S.W.2d 17 (1941); *State v. Whitaker*, 275 S.W.2d 322 (Mo.1955); *State v. De Witt*, 191 Mo. 51, 90 S.W. 77 (1905); *State v. Murphy*, 356 Mo. 110, 201 S.W.2d 280 (banc 1947); *State v. Farmer*, 490 S.W.2d 72 (Mo.1973).

In this jury-waived case, the evidence warrants the following statement to dem-

onstrate there was substantial evidence to support the verdict. See *State v. Scott*, 525 S.W.2d 410 (Mo.App.1975).

On April 20, 1974, in the early afternoon, David Lammers, part owner and salesman, was working in the Columbia Appliance Company at 10th and Broadway, Columbia, Boone County, Missouri. James Moore, Irvin Brown, and a third man entered the store. They looked at phonograph records and went to different parts of the store, not staying together. Mr. Lammers observed defendant Moore attempting to turn on an amplifier and, when he offered assistance, defendant said he was "only looking." The three men then left. Mr. Lammers closed the store for the night at about 5:00 p. m., at which time all doors were locked.

Mr. Lammers returned to the store at about 11:00 p. m. in response to a report that the store had been burglarized. He discovered that a quantity of "stereo" equipment and records had been moved from their usual locations and stacked near a rear door which leads to 10th Street. The glass in the door had been broken. He also discovered several greenish-blue plastic shopping bags imprinted "Macy's" which contained records from his record supply.

Paul Toler, another part owner of Columbia Appliance, identified a tape deck found by the back door which had been on a display shelf when he left the store at closing time. Mr. Toler also discovered a stocking-type cap on the floor near the stereo display which had not been there when he left the store.

Officers Hawkins and McMillen of the Columbia Police Department responded to a 10:30 p. m. call to check a vehicle parked in the east-west alley between 9th and 10th Streets, north of Broadway. Upon arrival there, they found a Cadillac automobile. Further investigation revealed the broken door, the Macy's bags, and the merchandise stacked near the door inside Columbia Appliance. They also saw the stocking cap and noted that it smelled of strawberries. As Officer Hawkins was examining the appliance store's showroom, he noted defend-

ant Moore and another black male walking east on Broadway in front of the store.

Officer Purdy of the Columbia Police Department was dispatched to 10th and Broadway at 10:45 p. m. to back up the officers who had gone there to check a suspicious automobile. He observed defendants Brown and Moore approaching the Cadillac in the alley. He determined that the defendants had been using the Cadillac and that, according to them, it had quit running. Defendant Brown attempted to demonstrate such condition and the automobile started readily and was operable. He learned also that defendants were registered at Stephens Motel under false names. Inventory of the Cadillac yielded a quantity of strawberry incense and three plastic bags imprinted "Macy's." Defendants implicated a James Adams, also registered at Stephens Motel. He eluded arrest.

A fingerprint "lifted" from the bottom of the tape deck found at the rear door of Columbia Appliance matched a print taken from defendant Moore.

A statement of defendant Brown was read in evidence in which he indicated: that he, defendant Moore, and James Adams had traveled from Kansas City to Columbia in the Cadillac which was owned by a cousin of defendant Brown; that they registered at Stephens Motel, and walked downtown to see a movie at about 4:30 p. m.; that the movie already had started, so they walked around for awhile and returned to the motel; that at about 9:30 James Adams took the Cadillac and returned about an hour later without it, saying that he had done something, thought someone saw him, and left the car in an alley; that he and defendant Moore went to get it and were arrested. Defendant Moore made a similar statement.

Appellants' argument would dismiss the fingerprint on the tape deck, their presence, and the presence of their automobile at the scene as suspicious circumstances, not sufficient to justify conviction.

Defendant Moore's fingerprint was found on the bottom of the tape deck

which had been moved from its place on a display shelf to the broken back door. He had examined an amplifier earlier in the day but was seen only to attempt to turn it on as opposed to lifting and moving the tape player found at the back door. Proof of fingerprints found at the scene of the crime " 'under such circumstances that they could only have been impressed at the time the crime was committed, correspond to those of the accused, may be sufficient proof of identity to sustain a conviction.' " *State v. Allen*, 420 S.W.2d 330, 333 (Mo. 1967). This, together with the presence of the defendants and their automobile at the scene when the crime was discovered, provides more than a suspicion of guilt. Of additional probative value are the circumstances surrounding the condition of the automobile which defendants stated to be inoperable. Such statements were false and therefore incriminating for if the facts were consistent with defendants' innocence they would not have lied about them. *State v. Enochs*, 339 Mo. 953, 98 S.W.2d 685, 687 (Mo.1936).

Appellants contend (II) that they should have been acquitted "because the defendants' evidence of alibi, left unrebutted, was sufficient to raise a reasonable doubt as to the guilt of the defendants."

Such an argument assumes the truth of testimony in support of the alibi, but the trier of fact could believe or disbelieve the alibi testimony. Defendants' denial of the charge and the proof in support of their alibi is not conclusive but simply presented an issue of fact. *State v. Eaton*, 504 S.W.2d 12, 16 (Mo.1973); *State v. Rodgers*, 536 S.W.2d 916 (Mo.App.1976).

Judgment affirmed.

All concur.