**STATE of Missouri, Respondent,**

v.

**Eddie L. CLEMMONS, Appellant.**

**No. KCD 29768.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1979.

Application to Transfer Denied
May 17, 1979.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Lee N. Nation, Asst. Public Defenders, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The defendant appeals from a judgment of conviction by a jury for tampering with a motor vehicle [§ 560.175.1, RSMo 1969] and the sentence of three years imprisonment imposed by the court upon the defendant as a second offender.

The defendant contends first that the information was insufficient to confer jurisdiction upon the court to sentence under § 556.280, RSMo 1969 [Second Offender Act], for failure to allege that the offense for which defendant had been previously convicted was "punishable by imprisonment in the penitentiary." The information recites that the defendant

> plead[ed] guilty to stealing from the person, that, thereafter, on the 21st day of July, 1976, said defendant was sentenced to five (5) years with five (5) years probation.

These recitals sufficiently allege the three elements for invocation of the Second Offender Act: that the defendant was convicted of a prior offense punishable by imprisonment in the penitentiary; that he was sentenced for that offense; and that the judgment imposed probation, parole, fine or imprisonment. *State v. Blackwell*, 459 S.W.2d 268, 272[3] (Mo. banc 1970). The information does not employ the precise statutory words of art—*punishable by im-*

*prisonment in the penitentiary*—but the allegations that the *defendant was sentenced to five (5) years with five (5) years probation* states in pith the equivalent of the formal jargon that the defendant was sentenced to a term of five years *imprisonment in the penitentiary,* that the execution of the sentence was suspended and that defendant was placed on probation for a term of five years which, if served without event, completes service of the sentence. The contention of error is denied.

The defendant contends also that the evidence that his fingerprints were found on the vent window of the car, absent proof of other circumstance, was not sufficient to convict him of the charge of tampering.

The evidence was that a 1974 Volkswagon was broken into and a packet of textbooks in a plastic bag and a transistor radio stolen from the passenger side of the front seat. The vehicle belonged to James Smith, a Kansas City police officer, who had driven to work at about 2:30 p. m. and parked the car at the employment site. At about 10:30 p. m. that day, while still on duty, Officer Smith stopped his police car along side of the Volkswagon, opened the door on the passenger side, and placed another textbook there. He saw nothing amiss but took no special notice to whether the transistor and other books were still there. Some twenty minutes later, at about 10:50 p. m., Officer Smith left duty and, once inside the Volkswagon, noticed that the vent window on the driver's side pointed outward. He noticed then that his books and transistor were gone, and so returned to the police station to enlist another officer for help. The two officers, Smith and Rast, tested the car for fingerprints and those lifted were transmitted to a special police unit for identification. The prints taken, one from the outside of the broken vent window and one from the inside, were identified as those of the defendant. There is no contention of faulty identification, but only that the proof was not sufficient for conviction. At discovery of the entry and loss, Officer Smith search for his property and discovered the plastic bag, the books still inside, on the sidewalk some fifty feet

from the car. No attempt was made to obtain fingerprints from the bag, however, because they concluded a plastic surface does not retain such marks.

It was the testimony of Officer Smith that the weather that morning was so propitious, he put the Volkswagon through a car wash before he went to work and had, himself, washed the inside of the windows clean.

The defense offered no evidence but rested on a motion for judgment of acquittal on the contention that the proof was insufficient, as a matter of law, for submission to the jury.

■ Presence at the scene of the crime alone does not prove guilt. The evidence must give an inference of some act of affirmative participation by an accused in the venture before a verdict of guilt may be returned. *State v. Castaldi,* 386 S.W.2d 392, 395[1–3] (Mo.1965). On a parity of principle, the criminal agency of an accused is not proved merely by fingerprints found at the scene of the offense, but on evidence besides of circumstances that the fingerprints could have been impressed only at the time the crime was committed. *State v. Thomas,* 452 S.W.2d 160, 162[4–6] (Mo. 1970); *State v. Lane,* 497 S.W.2d 207, 209[3] (Mo.App.1973).

■ The evidence suffices to convict the defendant of tampering with the Volkswagon. That the proof was altogether circumstantial does not disparage the determination of guilt. Any fact, the criminal agency of the defendant included, may be proved circumstantially. *State v. Chase,* 444 S.W.2d 398, 401[2, 3] (Mo. banc 1969). The fingerprint on the outside of the vent window placed the defendant at the scene of the crime; and the fingerprint on the inside of the vent window proved his presence at the time that window was broken for access to the books and transistor on the front seat of the Volkswagon. This evidence, taken with the testimony of Officer Smith that the car and windows had been cleaned, inside and out, that morning; that no one had his permission to enter the car;

that the doors and windows were closed and [a jury could fairly infer] locked; that only twenty minutes before his discovery he had placed other books on the front seat and nothing appeared amiss, are other circumstances which allow inference that the fingerprints found on the vent were impressed at the time that window was broken.

It may be possible, as a hypothetical proposition, that the defendant touched the Volkswagon quite innocently as he went by without any intent to tamper, but that would not explain the fingerprint on the inside of the vent—an area not legitimately open to him. It may be possible, even, that he touched the interior window quite innocently *after* the crime and so left his impress, but that hypothesis becomes unreasonable when considered with the prosecution evidence [to which, on a verdict of guilt, we accord the best inferences] that only twenty minutes before the discovery by the owner the car was intact and the additional evidence that the fingerprints of the defendant were the only latent impressions on the window. The evidence that the books were discovered on the sidewalk undisturbed also allows inference that they had not been long at that place—and so supports the conclusion that the crime was recent. That evidence gives force to the inference, therefore, that the tampering had been done within the twenty minutes between the placement of the additional books in the car and the discovery of the damage and theft—and not within the eight hours between the arrival of Officer Smith at the place of employment and his discovery. That the defendant was a passer-by who innocently handled both sides of the vent after it was broken within twenty minutes of discovery does not present a hypothesis of innocence so plausible as to create a reasonable doubt of guilt as a matter of law.

■ For submission of a criminal offense on circumstantial proof, the prosecution evidence need not preclusively refute every conceivable hypothesis of innocence, but only those plausible and reasonable under the evidence. *State v. Thomas*, supra, l. c. 162[1–3].

The coincidence of fingerprints so placed on both sides of the window through which the culprit made access to the contents of the car, as we have noted, becomes less fortuitous when considered with the circumstance that the only latent fingerprints on that area were those of the defendant and the further consideration that the vent window of a parked vehicle, unlike the door handle of a taxicab or glass pane of a mercantile establishment, is not an object frequently touched by those who come and go unless by design.

Judgment is affirmed.

All concur.