**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Edward Loyd STEWART, a/k/a Ronald
Kendall Howard, Defendant–Appellant.**

**No. 41927.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1980.

William J. Shaw, Glenn Hunt, Asst. Public Defenders, St. Louis, for defendant–appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Michael Elbein, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff–respondent.

DOWD, Presiding Judge.

Edward Stewart, a/k/a Ronald Howard appeals from his conviction of stealing property valued at over $150.00 contrary to § 570.030, RSMo 1978. Defendant was determined to be a persistent offender (§ 558.-016, RSMo 1978) and was sentenced by the court to 10 years imprisonment.

Defendant's sole point raised on appeal is that the trial court erred in overruling his motion for acquittal made at the close of all the evidence. Defendant claims that the state failed to sustain its burden of proving defendant guilty beyond a reasonable doubt, that all the evidence against him was circumstantial and that there was a reasonable theory of his innocence.

It is not clear from defendant's brief whether his complaint is directed at the state's failure to make a submissible case or essentially a complaint that the jury should have believed him and not the witnesses for the state. Regardless of the theory upon which defendant bases his claim it remains without merit.

The state will be found to have made a submissible case when there is sufficient evidence, when viewed in the light most favorable to the verdict, from which reasonable persons could have found the defendant guilty as charged. *State v. Longmeyer*, 566 S.W.2d 496, 499 (Mo.App.1978); *See, State v. Baldwin*, 571 S.W.2d 236, 240 (Mo. banc 1978). The evidence in the present case when viewed from this perspective showed that on the morning of January 25, 1979 Barbara Macy arrived at work, hung her fur coat in her office and went for coffee. Several minutes later, Ms. Macy's secretary saw a man whom she later identified as defendant walking toward her carrying a fur coat similar to the one owned by Ms. Macy. A Mr. Fletcher also saw the defendant carrying a ladies fur coat at approximately the same time of morning. Shortly thereafter Officer Butler received a call for assistance concerning a black individual carrying a coat over his arm. Officer Butler saw the defendant and tried to approach him but he turned and ran. The officer pursued the defendant and apprehended him. After he was read his "Miranda" rights the defendant admitted having taken the coat from Ms. Macy's office. When he was arrested the defendant gave the police officers a fictitious name. This evidence, particularly defendant's admission of guilt, was sufficient to submit the case to the jury and to support the guilty verdict.

The defendant cannot complain that the jury did not believe his version of the events.[1] The jury may believe or disbelieve any part or all of the testimony offered by any witness including the defendant. *See, State v. Davis*, 556 S.W.2d 745, 747 (Mo. App.1977).

Defendant also states in his brief that there is no direct evidence of his guilt and that this court in its review should indulge the circumstantial evidence rule as stated in *State v. Thomas*, 452 S.W.2d 160 (Mo.1970). *Accord, State v. Arnold*, 566 S.W.2d 185, 188 (Mo. banc 1978). As the court in *Thomas* stated, when the state's case rests on circumstantial evidence all such evidence must consistently point to defendant's guilt and

---

1. The defendant claimed that he found the fur coat in a men's restroom and was on his way to the security officer to turn the coat in to the lost and found department. He claims that he gave a false name when arrested because he had a past history of numerous convictions and was afraid.

must be inconsistent with all reasonable hypotheses of innocence. *State v. Thomas, supra* at 162; *State v. Holman,* 556 S.W.2d 499, 507 (Mo.App.1977). The defendant, after having been advised of his right to remain silent, admitted having taken the coat. Such admission is direct evidence of his guilt. *State v. Ayers,* 470 S.W.2d 534, 536 (Mo. banc 1971); *See, State v. Holman, supra* at 508. The rule enunciated in *Thomas* is therefore, not applicable to the case at bar as the state did not base its case solely upon circumstantial evidence. *State v. Holman, supra* at 507. Defendant is entitled to no relief on his sole point relied on. The judgment is affirmed.

REINHARD and CRIST, JJ., concur.