STATE of Missouri, Respondent,

v.

Donald C. CORSON, Appellant.

No. 42661.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1981.

Michael J. Gorla, Clayton, for appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Donald Corson guilty of second degree burglary and the court sentenced him to three years in prison. On appeal defendant first challenges the sufficiency of the state's evidence.

Part of the state's case rested on defendant's fingerprints being found on a broken window of the burglarized home. Defendant singles out that evidence and challenges its sufficiency. We detail the state's evidence.

Home owner Joseph Engle left his house and locked it. Coming home late, he went to bed without noticing anything amiss. The next morning he found his stereo missing; two windows had been broken out, there was blood on the floor, a bloody rock on the porch and broken glass inside.

Police took fingerprints from one of the broken window panes and they found they matched the defendant's. When police arrested defendant they found he had cuts on two right-hand fingers.

Defendant presented evidence he was home all night the night of the burglary. He also testified that on one recent occasion he went to the Engle house and when no one answered his knock on the door he looked

through, but did not touch the front window. Defendant explained the cuts on his hand by saying he had fallen while jogging and also that he had punched out a mirror after an argument with his wife.

Defendant cites *State v. Clemmons*, 579 S.W.2d 682[2–5] (Mo.App.1979), for the proposition that guilt may not be shown by fingerprints alone. *Clemmons* so held "absent proof of other circumstances". Here, there were other circumstances, such as the broken windows and the fresh cuts on defendant's .fingers. Defendant also cites *State v. Shaw*, 602 S.W.2d 17 (Mo.App. 1980), reversing a case where the facts were utterly different than here. We held there however, as we do here, that "the circumstances need not be absolutely conclusive of guilt".

In response to defense argument the state relies on several "fingerprint cases", including *State v. Mussman*, 526 S.W.2d 62[3] (Mo.App.1975). There, the evidence included the defendant's fingerprints on a window at a place of illegal entry. The court held the evidence warranted the jury finding that defendant had burglarized the home. Here, that evidence was fortified by the blood and defendant's cut fingers.

We deny defendant's primary point.

■ Defendant raises two points about closing argument. First, that the prosecutor said defendant had admitted two prior felony convictions and urged the jury to fix the sentence at five years in prison "in light of his prior felony convictions". This was error. Defendant relies on *State v. Jackson*, 336 Mo. 1069, 83 S.W.2d 87[9] (1935), cited and followed in *State v. Nickens*, 403 S.W.2d 582[10] (Mo.banc 1966). In those cases in jury argument the prosecutor stressed defendants' prior convictions to enhance punishment. Defendants' objections were overruled. In contrast, here the trial court sustained the defense objection and directed the jury to disregard the challenged argument; they did to the extent of fixing punishment at three rather than five

years. We hold the trial court's admonition sufficed to cure the claimed error. Compare *State v. Hicks*, 530 S.W.2d 396[4] (Mo. App.1975) and *State v. Reed*, 583 S.W.2d 531[6] (Mo.App.1979).

■ Defendant's remaining point refers to his and the state's closing arguments where each speculated about the length of time defendant's fingerprints may have been on the broken window. Defense counsel argued there was no evidence defendant's fingerprints were put on the window at the time it was broken, and could have been put there at some earlier time. The prosecutor twice objected and was twice overruled. He then gratuitously commented that anyone knows prints can stay only a few days; there was no evidence of this. Then, in the state's closing argument the prosecutor again argued that fingerprints last only a few days. Defendant's objection was sustained and the court instructed the jury to disregard the prosecutor's argument.

In assessing defendant's fingerprint argument we bear in mind that was not the only evidence of guilt. Other evidence concerned the broken window, the spilled blood and the cuts on defendant's fingers.

Addressing defendant's challenge to the state's fingerprint argument, we find the trial court did not manifestly abuse its broad discretion in controlling closing argument. So, defendant's last point must fail. *State v. Hutchinson*, 458 S.W.2d 553[4] (Mo. banc 1970); *State v. Morton*, 444 S.W.2d 420[13, 14] (Mo.1969).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.