**STATE of Missouri, Respondent,**

v.

**Steven E. HULBERT, Appellant.**

**No. WD 31577.**

Missouri Court of Appeals,
Western District.

June 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 25, 1981.

Application to Transfer Denied
Oct. 13, 1981.

Peter N. Sterling and Gary L. Gardner, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and John C. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., WASSER-STROM, C. J., and SHANGLER, J.

KENNEDY, Presiding Judge.

The issue upon the present appeal is the sufficiency of the evidence of defendant's fingerprints upon a broken window glass to sustain a conviction for second-degree burglary. Defendant was found guilty after a jury trial and was sentenced to 30 months' imprisonment. He was acquitted of a charge of stealing.

We hold the evidence was sufficient and we affirm the judgment.

The facts are as follows:

The residence of Mr. and Mrs. John T. Edwards, located at 7405 State Line in Kansas City, Missouri, was burglarized on June 15, 1978, after Mrs. Edwards had left home for work at 3:15 or 3:30 o'clock p. m. and before 10 o'clock p. m. when Mr. Edwards arrived home. Missing were three shotguns, about $2,600 in cash, a portable television set and a ring.

The burglar had gained entrance by prying open a window, after breaking out a storm window. The bottom of the window was approximately three feet above the ground and it was screened by shrubbery about five feet high at the time of the burglary.

Located beneath the broken window were found two or more pieces of glass which Police Officer Fred Spilker described as "standing on the ground leaning against the basement retaining metal piece . . . leaning against it, been placed there . . . as opposed to thrown down and scattered about." On each of these two pieces of glass were found fingerprints which were later identified as those of the defendant. On each of the two pieces of glass the identifiable fingerprints were found only on one side of the glass and not on the other.

On the opposing side of the glass in each case was a fingerprint but it was smudged so as to be unidentifiable. Officer Spilker gave it as his opinion that the prints were relatively fresh—that is, deposited there within the previous two days. The prints were on or near the "free line" which was the broken edge of the glass.

When defendant was arrested and confronted with the burglary and the presence of his fingerprints on the glass, he said that he had never been to the Edwards house. Defendant was a contractor who was familiar with the neighborhood where the Edwards house was located, and had done some house repair jobs in the vicinity. It was his practice, when he observed a house in need of painting, roofing or some repair, to present himself at the house and ask for the opportunity to bid on the work. Mr. and Mrs. Edwards both said that they had never seen the defendant.

The storm window was left in all the year around, since the house was air conditioned. The storm window was in an aluminum frame. The Edwardses had had no recent work done on the exterior of the house.

Defendant testified in the trial, denying, as he had in his earlier statement to the police, that he had ever been to the Edwards house and particularly that he had committed the burglary in question.

We believe the evidence made a submissible case of second-degree burglary, and the jury's verdict must stand. *See State v. Hanna*, 459 P.2d 564 (Or.App.1969); *State v. Blackmon*, 6 N.C.App. 66, 169 S.E.2d 472 (1969).

First of all, the jury had to decide whether defendant had been at the window where the breaking and entering was done. Defendant's tracks were there in the form of his fingerprints upon the glass. Had defendant been silent, we would have to speculate upon a number of ways by which the fingerprints might innocently have gotten there. Did the defendant come and touch the glass while it was still intact and unbroken, for some unknown reason, or did he, still for an unknown reason, come and pick up the broken pieces of glass? But we do not need to speculate about that, for the defendant himself says, both in a statement to the police and in his trial testimony, that he had never been at the Edwards house. *State v. Thomas*, 452 S.W.2d 160, 163 (Mo. 1970); *State v. Mussman*, 526 S.W.2d 62, 64 (Mo.App.1975). The jury could observe the defendant as he testified, and form a judgment of his truthfulness. *State v. Edwards*, 574 S.W.2d 956 (Mo.App.1978); *State v. Longmeyer*, 566 S.W.2d 496 (Mo. App.1978). Their verdict tells us that they resolved the issue against defendant's veracity. They concluded that he had been at the Edwards house and at the window where his fingerprints were found.

Defendant acknowledges that there are several cases which hold that defendant's fingerprints at the scene of the crime are alone sufficient to make a submissible case. *State v. Thomas*, supra; *State v. Clemmons*, 579 S.W.2d 682, 684 (Mo.App.1979); *State v. Parker*, 535 S.W.2d 126 (Mo.App.1976); *State v. Arnold*, 534 S.W.2d 836 (Mo.App. 1976); *State v. Lane*, 497 S.W.2d 207 (Mo. App.1973). He claims, though, that the evidence in the present case falls short in that it does not show defendant's fingerprints on *both* sides of the glass. He points out that one cannot tell whether the fingerprints were on the inside of the glass or on the outside.

Without holding that the presence of fingerprints on the inside surface of the glass would be essential to the submissibility of the state's case, there are three reasons why it would at least add weight to the state's case. First, it would have a tendency to show an essential feature of burglary, namely, the *entry* into the structure. Some parts of the defendant's body must have intruded into the enclosure, *State v. Maddox*, 465 S.W.2d 607 (Mo.1971); *State v. Johnson*, 587 S.W.2d 636 (Mo.App.1979), and the presence of defendant's fingerprints on the inside surface of the glass would tend to show that element. Secondly, the presence of the fingerprints on the inside surface of the glass would negate some innocent explanation for their presence there, for it would have defendant's fingers in a place

*generally inaccessible* to him. *State v. Mussman*, supra; *State v. Gray*, 504 S.W.2d 825 (Mo.App.1974). Third, the presence of the fingerprints inside the glass had a tendency to show that the prints were left there at the time of the burglary—that is, at the time the glass was broken, or afterwards, and not at some earlier time. *State v. Clemmons*, supra.

In the present case, though, the jury could have found that the defendant's fingers were both on the outside and the inside surface of the glass. The fingerprints were positively identified as defendant's only on one side of the glass, to be sure, but there were prints on the other side of both pieces of glass which were smudged and could not be identified as his. However, there was no distinction as to the freshness of the prints on either side. The evidence technician made no distinction as between the prints on either side, saying that the powder went on "fast" and had been made, in his opinion, within the previous two days. The jury could plausibly have believed that the fingerprints on both sides were made by the same hand at the same time.

Defendant claims that the state's case fails in that it does not show that the outside of the window was generally inaccessible to defendant. We have said in the preceding paragraph that the jury could believe that the defendant's fingerprints were on both sides of the glass but, however that may be, the outside of the glass was *generally inaccessible* as well as the inside. The house was located upon a private lawn screened by five-foot high shrubbery. A position between the shrubbery and the window was not a place generally accessible to the defendant. It is unlike such cases as *Borum v. United States*, 380 F.2d 595, 596 (D.C.Cir.1967), and *Townsley v. United States*, 236 A.2d 63 (D.C.App. 1967), where the prints were at a location where the defendant normally had access and where there could just as well be an innocent explanation for the presence of his fingerprints.

The judgment is affirmed.

All concur.