**STATE of Missouri, Respondent,**

v.

**Decker D. OWSLEY, Appellant.**

**No. WD 33070.**

Missouri Court of Appeals,
Western District.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 30, 1982.

Application to Transfer Denied Jan. 17, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

By the verdict of a jury, appellant was convicted of burglary in the second degree and stealing. §§ 569.170; 570.030, RSMo 1978. The jury assessed punishment on each crime at one year in the county jail, but the trial court, upon its finding that appellant was a persistent offender, enhanced the punishment to three years on each crime to run consecutively.

The sole question is whether, under all the circumstances, the finding of appellant's fingerprints on both sides of a piece of broken glass from an overhead garage door through which entry had been obtained, is sufficient to sustain the verdicts.

Enterprise Leasing Company, 600 Grand Avenue, Kansas City, Missouri, is a car leasing firm. On February 21, 1981, the firm's account manager arrived at work about 9:00 a.m. On entering the business, which has three stalls for servicing cars, and an office area, he observed equipment and extra keys scattered about in the reception area. The branch manager had observed that the three overhead garage doors, an inner door to the garage area, and the outside front door, were all locked at the close of business the evening before at about 6:30 p.m. The three glass window panes, each 2½ by 3 feet, were then intact. One of these panes was found to be broken, with glass scattered around inside and out in the morning, and the inner door was unlocked. A cleaning man came into the garage between 8:30 and 9:00 the night before and emptied the trash. It was not his duty to wash windows, and the garage panes were dirty. The cleaning man locked the inner and front doors when he left.

It was discovered that two Sharp calculators and a Canon calculator, of a total value of $270, were missing from the office. A 1979 Pontiac Firebird, which was parked outside, was also missing. Its keys were not in its ignition, but were found inside the office. The Firebird alone was recovered, at which time its ignition was found to be locked. There is nothing in the evidence to connect appellant with the taking of the car. Appellant was unknown to the car firm's employees, and had not been given permission to enter the building.

Officer Ortega inspected the scene, and examined the area of the broken glass and checked all of the pieces. He discovered two pieces of glass with latent fingerprints on them, one of which was found about three feet from the overhead door and which had processable fingerprints on it which were lifted with tape and placed on a card. Appellant's right thumb print and right index fingerprints were found on both (opposite) sides of a piece of broken glass, which prints were matched with file prints by Officer Schwieterman.

Appellant seems to argue that the circumstantial evidence in this case does not exclude every reasonable hypothesis of innocence, citing *State v. Allen*, 420 S.W.2d 330, 333 (Mo.1967). He says that his statement to the police at the time of his arrest that he was not anywhere near the scene on February 20 and 21, 1981; the evidence the

overhead door was accessible to and used by the public to enter the garage area; that the public even opened and closed the door; the window was not washed; he was never asked by the police whether he was at the scene prior to the burglary; there was no evidence of the age of the fingerprints which could last up to eleven years under certain conditions (as in a book); all give the hypothesis of innocence that his fingerprints could have been placed on the glass at some time prior to the crime.

Appellant's argument ignores the fact that his fingerprints were found on both sides of the piece of glass, which the jury could infer was removed by him (as the culprit) to gain entrance through the 2½ by 3 feet opening. The evidence of appellant's exculpatory statement to the police did not have to be believed by the jury. Besides, although circumstantial evidence must exclude every *reasonable* hypothesis of innocence, it does not have to demonstrate the impossibility of innocence, *State v. Newman,* 605 S.W.2d 781 (Mo.1980), or be absolutely conclusive of guilt, *State v. Biddle,* 599 S.W.2d 182 (Mo. banc 1980).

The following cases, involving the circumstantial evidence of fingerprints on glass at the scene of a crime, affirmed the convictions. A very similar case, *State v. Lane,* 497 S.W.2d 207, 209–210 (Mo.App. 1973), also involved the finding of defendant's prints on both sides of broken glass from an overhead door of a car-care center. The court said, "The evidence indicates that a hole was broken in the window and then the remaining glass was picked out of the windowpane and stacked in front of the door. One of the pieces of glass with the defendant's fingerprints on it revealed defendant's left thumb print on one side of the glass and the print of his left forefinger on the other side of the glass directly opposite the other print. The location of these prints clearly indicates that the defendant picked that particular piece of glass out from the broken pane of glass. Since entrance to the service station was gained through the window and the window had been intact when the last service station attendant left for the night, it is apparent that the defendant's prints were impressed at the time the breaking and entering occurred. Therefore, the fingerprints of the defendant at the scene of the crime were sufficient proof of defendant's identity to sustain his conviction." *State v. Thomas,* 452 S.W.2d 160, 162[4–6] (Mo.1970), where defendant's fingerprints were found on a piece of glass outside an apartment door in a hallway, it being tacitly conceded by defendant that they would have had to be placed on the glass during the course of the burglary, or immediately thereafter, and prior to 8:00 a.m. the next morning. *State v. Schleicher,* 442 S.W.2d 19 (Mo.1969), where defendant's fingerprints were found on items inside the burglarized premises. *State v. Moore,* 536 S.W.2d 926 (Mo.App. 1976), where fingerprints were found on a tape deck found at the rear door of the burglarized store, which tape deck had been on a shelf inside the store. *State v. Clemmons,* 579 S.W.2d 682 (Mo.App.1979), where defendant's fingerprints were found both inside and outside of a vent window, held to be sufficient circumstantial proof of his presence at the time the window was broken for access to stolen contents of the Volkswagen. *State v. Sanders,* 619 S.W.2d 344 (Mo.App.1981), where defendant's fingerprint was found on a gun rack inside the burglarized home. *State v. Hulbert,* 621 S.W.2d 310 (Mo.App.1981), where identifiable fingerprints were found only on the outside of broken pieces of glass at the place of entry, held to make a submissible case. See also *State v. Nash,* 621 S.W.2d 319 (Mo.App.1981). These foregoing cases, and the facts in this case, show that appellant's fingerprints could have been placed both inside and outside of the broken pane of glass only at the time of entry through that opening at the time the burglary and stealing were committed.

The judgment is affirmed.

All concur.