**STATE of Missouri, Respondent,**

v.

**Robert Sledge CRAWLEY, Appellant.**

**No. 56379.**

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

David Baer, Jr. and Richard O. Funsch, St. Louis, for appellant; Carter, Bull, Baer, Presberg & Lee, St. Louis, of counsel.

HENLEY, Judge.

This is an appeal from a conviction of operating a motor vehicle without the owner's consent, for which the court sentenced defendant to imprisonment for five years. Sections 560.175 and 560.180, RSMo 1969 and V.A.M.S. The appeal was pending in this court before January 1, 1972, the effective date of the 1970 amendment to Article V, § 3, Constitution of Missouri, V.A.M.S., and we retained jurisdiction to make final disposition of the case. Article V, § 31, para. 4, 1970 amendment to Constitution of Missouri. We affirm.

Defendant briefs three points: (1) that the evidence is not sufficient to sustain the conviction; (2) error in giving instruction No. 2, because it authorized a finding of guilty " * * * without instructing the jury that criminal intent is an essential element of the crime * * * "; (3) error in giving instruction A, a so-called "hammer" instruction, because it coerced the jury into reaching a verdict.

On the morning of March 23, 1970, Robert L. Roberts drove his 1970 model blue Ford Torino sedan to his place of employment in downtown St. Louis and parked it on a parking lot at Ninth and Market streets. He returned to the lot at 6:15 that evening, found his car gone, and reported the theft to the police. At about 3:00 a. m. on March 27, 1970, two St. Louis police officers, one of whom knew defendant, saw him driving Mr. Roberts' automobile with stolen license plates and arrested him on suspicion of stealing the automobile. Mr. Roberts testified that he did not give defendant permission to drive the automobile. Defendant offered no evidence.

Defendant argues that the evidence is " * * * not legally sufficient to induce a belief beyond a reasonable doubt * * * " that he is guilty of the crime charged. We do not weigh the evidence to determine whether the charge has been proven beyond a reasonable doubt; that is a function of the jury. State v. Odom, Mo., 353 S.W.2d 708, 710 [2]. The scope of our review extends only to a determination of whether there is sufficient substantial evidence to support the verdict.

State v. Morgan, Mo., 453 S.W.2d 932, 934 [4]. We find the evidence sufficient.

■ Defendant's attack upon instruction No. 2 is not that the instruction does not require a finding of criminal intent in operating the automobile; it is, as we understand it, that the court did not instruct the jury that " * * * criminal intent is an essential element of the crime of * * * operating * * * a motor vehicle without the owner's permission." Criminal intent is, of course, an essential element of the crime,[1] but that is not to say that the court must instruct that it is an essential element. All that was required under the facts in this case was that the instruction require a finding of intent before the jury could convict. The instruction did require a finding of intent in that it required the jury to find that defendant "wilfully" operated the Roberts automobile. The court did not err in giving instruction No. 2. In support of his point defendant relies entirely upon the Tate case. The court reversed Tate's conviction because the trial court failed to give an instruction on his defense that he drove the automobile with the honest belief that he had permission to do so. In that case there was evidence which would support, and require, the giving of that instruction. In this case there is no evidence which would require the giving of such an instruction.

■ As to instruction A, the "hammer" instruction, defendant argues that not only the instruction itself, but also the court's remarks at the time it was given, coerced the jury into reaching a verdict and deprived him of a fair trial, resulting in a denial of constitutional rights to due process and equal protection of the law.

Instruction A is, in substance, the same as an instruction quoted and approved in State v. McDaniel, Mo., 392 S.W.2d 310, at 317. The record shows that the jury retired to deliberate at 4:04 p. m.; that they re- turned to the courtroom at 5:43 p. m. and the court inquired of them whether they believed that further deliberation might result in a verdict. The foreman expressed doubt, but other jurors expressed a belief they could reach a verdict. At 5:50 p. m. the court finished reading the instruction to the jurors and they retired to the jury room for further deliberation. At 6:05 p. m., they returned to the courtroom with a verdict. At the close of reading the instruction, the court made these remarks to the jury:

"THE COURT: Now, so that you won't be under any pressure, the Court will ask you to go back and deliberate for a short time, and if you have not been able to arrive at a verdict, you will be discharged in a short time, because I don't want to put pressure on the jury at all. You are to be free in arriving at your own decision, but you should realize what the substance of these instructions is.

"All right. You may retire for further proceedings. And we are downtown and it is getting dark, so that you folks who may have car trouble or want to call your home and stuff like that, I just want to let you know we are not going to have you deliberate much longer. It may be that outside chance. All right. You may retire to the juryroom."

In State v. McDaniel, supra, the court rejected a contention that the instruction was coercive. See also: State v. McAllister, Mo., 468 S.W.2d 27, 30 [7]. Rather than coercive, the court's remarks as the jury walked into the jury room were an assurance that, because of the late hour, they would not be held to deliberate much longer whether or not they arrived at a verdict. The defendant has not demonstrated how the instruction is, as he says, coercive and unfair; nor is there demonstration of how the instruction and remarks deprived him of due process or equal protection. We have reviewed the cases cited by defendant

1. State v. Tate, Mo., 436 S.W.2d 716 [2]; State v. McLarty, Mo., 414 S.W.2d 315 [5].

on this point[2] and consider them not applicable to the facts of this case.

The judgment is affirmed.

MORGAN, P. J., DONNELLY, J., and SMITH, Special Judge, concur.

2. United States v. Harris, 6 Cir., 391 F.2d 348; United States v. Smith, 4 Cir., 353 F.2d 166; United States v. Rogers, 4 Cir., 289 F.2d 433.