STATE of Missouri, Plaintiff-Respondent,

v.

Bobby Lee LAWSON, Defendant-Appellant.

No. 34941.

Missouri Court of Appeals, St. Louis District.

Aug. 14, 1973.

Motion for Rehearing or Transfer Denied Oct. 10, 1973.

Application to Transfer Denied Dec. 10, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Mark D. Mittleman, Asst. Atty. Gen., Thomas I. Osborne, Pros. Atty., Mexico, for defendant-appellant.

Edwards, Seigfreid, Runge & Hodge, Fenlon & Fenlon, Mexico, for plaintiff-respondent.

GUNN, Judge.

Defendant, Bobby Lee Lawson, was convicted of robbery in the first degree; breaking jail and escaping before conviction; and felonious assault without malice aforethought.

The issues which have been raised by defendant and to be decided by this court are: a) whether the jury panel summoned by the coroner should have been quashed by the trial court; b) whether the trial court erred in sustaining objection to a portion of defense counsel's argument and thereafter commenting on the objection; c) whether there was sufficient evidence to support the giving of instructions concerning first degree robbery and intent to do great bodily harm; d) whether the trial court erred in giving the so-called "ham-

mer instruction"; and, e) whether the court erred in submitting two instructions concerning jury deliberation procedures in the event of en passe on certain issues after the jury had commenced its deliberations.

We determine that the contentions of defendant are without merit and affirm the judgment against him.

While imprisoned in the Audrain County jail in Mexico, Missouri, on certain charges, defendant was taken to the County Courthouse for preliminary hearing before a magistrate. After the hearing, the deputy sheriff, James E. Littrell, handcuffed defendant and put him in the sheriff's car to drive him back to jail. On the way to the jail, defendant produced a small caliber pistol, pointed it at Littrell and said, "This is it." Defendant then took Littrell's handcuff keys and pistol from him. Defendant moved to the back seat of the car, and he and Littrell proceeded driving through Mexico until defendant observed Mrs. Olivia Graves, who was a prosecuting witness against him at the preliminary hearing. Defendant pointed a gun at Mrs. Graves and ordered her in the car. He hit Mrs. Graves on the head with the barrel of the gun causing substantial bleeding and stitches to be taken in her head to close the wound. He also threatened to throw battery acid in her eyes for having testified against him. Defendant handcuffed Littrell to a tree and was later recaptured.

In addition to the robbery, jail breaking and escape and assault charges, defendant was charged with kidnapping Littrell and Mrs. Graves. He was acquitted of the kidnapping charges.

■ Since the Audrain County sheriff and his deputy were interested parties in the case, the trial court ordered the county coroner to summon the jury panel in accordance with § 58.190, RSMo 1969 V.A. M.S. The regular jury panel had initially been summoned by the sheriff, and the coroner summoned fourteen special veniremen in addition to the regular jury panel which he also resummoned at the direction of the court.

Defendant argues that the jury panel should have been quashed because some of the jurors summoned by the coroner were the same as those who had been summoned by the sheriff as the regular jury panel. Defendant cites State v. Weeden, 133 Mo. 70, 34 S.W. 473 (1896), and State v. Parker, 378 S.W.2d 274 (Mo.App.1964), in support of his position. However, in each of these cases, the court acted as its own elisor, contrary to the statutory requirements. Here, the coroner did in fact summon the jurors. The proper statutory procedures were followed. There is no showing on the record which, if any, of the jurors served in the case that had initially been summoned by the sheriff or that there was any influence exerted as a result of contact with the sheriff. There was no error in the summoning of the jury. Mannon v. Frick, 365 Mo. 1203, 295 S.W.2d 158 (1956); State v. Wiley, 109 Mo. 439, 19 S.W. 197 (1892).

■ During his argument to the jury, defendant's counsel discussed the court's instruction on breaking jail and argued that defendant had not escaped from jail but from the deputy sheriff, a separate offense. The prosecuting attorney objected on the ground that such was an improper argument, and the objection was sustained by the court. Defendant's counsel made inquiry of the court whether the basis for the ruling was to the argument that defendant had not escaped from jail. The trial judge responded that he was "sustaining it to the line of argument that there was no offense shown under that instruction."

Defendant contends that the court's remark constituted error, because the effect was to comment that under the instruction an offense had been shown and actually committed; that the remark was prejudicial against defendant. The trial court's

remark was not prejudicial in this instance or context. The judge answered defendant counsel's inquiry by stating that the instruction did state an offense, which it must in order to be given to the jury. The judge did not comment that defendant had committed an offense or that the offense of jail breaking had been proven. The court's comment was a correct statement and was addressed to counsel and not to the jury, and, therefore, proper in this instance. State v. Selman, 391 S.W.2d 193 (Mo.1965); State v. Edmonds, 347 S.W. 2d 158 (Mo.1961). Cases cited by defendant involve comments by the court which were flagrantly prejudicial to the defendant and are therefore not felicitous here.

▆▆ Defendant argues that it was error to instruct the jury on first degree robbery, because there was no testimony that Deputy Littrell feared immediate injury to his person when his service revolver was taken at the point of defendant's pistol. We reject this argument.

As appropriate here, the essence of robbery in the first degree is feloniously taking the property of another from his person, or in his presence, and against his will, by, a) violence or, b) by putting the victim in fear of some immediate injury to his person. § 560.120 RSMo 1969 V.A.M. S. It is not necessary to have direct testimony that the victim experienced the mental state of fear. State v. Underwood, 470 S.W.2d 485, 486 (Mo.1971). The fact that defendant pointed a gun at Littrell and there was compliance with his commands evinces fear. State v. Ray, 354 S. W.2d 840, 843 (Mo.1962). The essential elements for first degree robbery were present.

Defendant also contends that there was no evidence to show that he intended to do great bodily harm to Mrs. Graves, and the instruction on that offense should not have been submitted. We also reject this argument.

▆▆ The jury, in considering the evidence presented to it, may determine the intent of the person charged with a crime. The intent of the person charged with a crime is a matter of jury determination based on facts presented to it. State v. Petrechko, 486 S.W.2d 217 (Mo.1972); State v. Chevlin, 284 S.W.2d 563 (Mo. 1955). Defendant's striking Mrs. Graves on the head with a gun barrel, causing severe bleeding and stitches to be taken, together with the threat to throw battery acid in her eyes seem scarcely calculated to have a salubrious effect for her well being. From the evidence, the jury could find that defendant did intend to inflict great bodily harm upon Mrs. Graves.

After four hours of deliberations, the jury asked questions as to the charges and procedures in the event agreement could not be reached as to certain of the charges. The court gave as a written instruction No. 13, a statement to the jury that the court could not give further instructions to the questions asked. The next morning, after the jury had been excused overnight, the court gave the jury Instruction No. 14, bearing the cognomen "hammer instruction". About three hours later, the jury reported that they had agreed on three issues but were deadlocked on two others. The court then gave a final instruction (No. 15) reading as follows:

"INSTRUCTION NO. 15

"You have stated that you have been able to agree upon a verdict upon three of the issues submitted to you but you have not been able to agree upon two of the issues submitted to you.

"You are instructed that if you feel that further deliberations on your part are useless and would accomplish no more than your previous deliberations you may indicate that you are unable to agree upon certain issues and designate the instructions covering such issues in accordance with the additional verdicts supplied with this instruction."

Defendant argues that the final instruction, Instruction No. 15, should have been

given when the case was submitted to the jury, or, in the alternative, in lieu of Instruction No. 13.

Instruction No. 13 was not, in fact, an instruction, although designated as such. It was merely a reference to instructions previously given, neither adding or deleting therefrom, and not an instruction within the meaning of Supreme Court Rule 26.02(6). State v. Duisen, 428 S.W.2d 169, 177 (Mo. banc 1967), cert. den., 390 U.S. 962, 88 S.Ct. 1063, 19 L.Ed.2d 1159; State v. Baugh, 382 S.W.2d 608, 612 (Mo. 1964). In response to questions asked the court by the jury during deliberations, it was proper to make reference to prior instructions. State v. Grant, 275 S.W.2d 332, 335 (Mo.1955). We also find that the communication designated as Instruction No. 13 to the jury by the court was not misleading, although other instructions were to later follow.

Defendant cites State v. Brown, 443 S.W.2d 805 (Mo. banc 1969) as authority in support of his argument that Instruction No. 15 should have been given when the case was first submitted to the jury. However, in State v. Brown, supra, the court found only that it would be better—but not mandatory—to submit the instruction under consideration in that case at the close of all the evidence and prior to jury deliberations; that it was not prejudicial error to submit the instruction after jury deliberations had commenced. In this case, we find that there was no error in the giving of Instruction No. 15 after the jury had deliberated and indicated that it could agree on certain issues but not on others. It was a discretionary matter for the trial judge to determine whether and when Instruction No. 15 should be given. State v. Barron, 465 S.W.2d 523, 530 (Mo. 1971). We do not find any abuse of that discretion.

Defendant finally contends that the "hammer instruction" (Instruction No. 14) was coercive and should not have been given. This contention is without merit, and the instruction was properly given. There was no evidence that the trial court attempted to coerce the jury into a verdict or that sufficient time for deliberation had not been allowed. The total time of trial was only about two hours, and the jury had deliberated over four hours at the time of the instruction. The amount of time to elapse before giving of such an instruction is discretionary in the trial court, and similar instructions have been approved even when there has been a lesser time lapse for deliberations than in this case. State v. McAllister, 468 S.W.2d 27 (Mo.1971); State v. Barron, supra; State v. Corlew, 463 S.W.2d 836 (Mo. 1971); State v. Cochrell, 492 S.W.2d 22 (Mo.App.1973). The instruction given was not coercive or unfair and only reminded the jury of the importance of reaching a verdict. It was properly given in this case. State v. Crawley, 478 S.W.2d 344, 346 (Mo.1972).

The judgment is affirmed.

SMITH, P. J., and SIMEONE and KELLY, JJ., concur.