**STATE of Missouri, Respondent,**

v.

**Herbert MILLER, Jr., Appellant.**

**No. KCD26333.**

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

---

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, and Gerald M. Handley, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM:

After trial in Division 3 of the Circuit Court, Sixteenth Judicial Circuit, the jury found defendant guilty of robbery in the first degree and assessed his punishment at ten years.

On the day following the robbery, the defendant was arrested. The victim was summoned to the scene of the arrest and identified the defendant as a participant in the robbery. After the confrontation, the defendant and his brother, [see companion case: State v. Miller, 490 S.W.2d 36 (Mo. 1973)], arrested and identified at the same time, were taken to the county jail and charged with the robbery.

Defendant appeals that the confrontation, at the scene of the arrest, deprived him of due process of law. Also, though not properly preserved, the issue should be considered plain error. [Rule 27.20(c) V.A.M.R.]. The exclusionary rule does not apply to testimony concerning an identification prior to the commencement of any prosecution. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972). The circumstances of the confrontation being first adduced by defense counsel on cross-examination, the plain error rule is not applicable. State v. Franklin, 448 S.W.2d 583 (Mo.1970).

Therefore, the verdict being supported by substantial evidence, no error of law appearing, and an extended opinion being without precedential value, the judgment of conviction is affirmed. Rule 84.16(b).