STATE of Missouri, Respondent,

v.

Robert E. DOEPKE, Appellant.

No. 10052.

Missouri Court of Appeals,
Springfield District.

May 10, 1976.

Motion for Rehearing to Transfer to Supreme Court Denied May 21, 1976.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

O. J. Gibson, Jr., Downs, Johnson & Gibson, Cape Girardeau, for appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Robert E. Doepke was convicted by a Bollinger County jury of burglary and stealing and duly sentenced.

We have read the transcript, the briefs of the parties, and the authorities cited.

■ The evidence is sufficient to support the verdicts. Accomplices of defendant were witnesses for the state and their testimony clearly implicated the defendant in a drug theft from a Lutesville drug store.

We have carefully reviewed defendant's six points of alleged error and find no error of law.

■ The circumstances of the alleged improper confrontation and identification of

defendant after his arrest was first elicited by defendant on cross-examination. *State v. Miller,* 501 S.W.2d 547 (Mo.App.1973).

■ Defendant was not entitled to reports of psychiatric examinations of his accomplices. *U. S. v. Evans,* 454 F.2d 813 (8th Cir. 1972).

■ We find no abuse of discretion in denying defendant's motion to quash the jury panel because the prosecuting attorney was known to nearly all panel members.

■ We find no prejudice to defendant in the inability of the judge to locate a letter written to him by one of the accomplices. Defendant was aware of the contents of the letter and cross-examined the accomplice about its contents. *State v. Green,* 476 S.W.2d 567 (Mo.1972).

■ The giving of MAI–CR 1.10, the "hammer" instruction, after the jury had been deliberating two hours and twenty minutes was discretionary with the trial court and we find no abuse of discretion. *State v. Crawley,* 478 S.W.2d 344 (Mo.1972).

■ No objection was made to an accomplice's testimony of his prior inconsistent statement at defendant's "revocation hearing" and thus this point is not preserved for our review. *State v. Simmons,* 500 S.W.2d 325 (Mo.App.1973).

A detailed opinion would have no precedential value.

Judgment affirmed pursuant to Rule 84.-16(b).

All concur.