**STATE of Missouri, Plaintiff-Respondent,**

v.

**James SCRUGGS and Leroy Shine, Defendants-Appellants.**

**Nos. 38064 and 38069.**

Missouri Court of Appeals, St. Louis District.

May 10, 1977.

---

Scott Richardson, St. Louis, for defendants-appellants.

John Ashcroft, Atty. Gen., Paul Robert Otto, J. Michael Davis, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael L. Sullivan, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

A jury found appellants Scruggs and Shine guilty of burglary in the second degree. Appellant Scruggs was sentenced to 2 years imprisonment. Appellant Shine was sentenced under the Second Offender Act to 4 years imprisonment. The facts underlying appellants' convictions will be set forth below in the discussion of appellants' second issue.

Appellants contend that the trial court erred in overruling appellants' motion for mistrial after one of the jurors informed the court, out of the hearing of the other jurors, he knew one of the arresting officers giving testimony for the state, although the juror had not so responded upon hearing the officer's name during voir dire

examination. We disagree with appellants' contention.

It is true that a prospective juror has a duty to answer all questions during voir dire examination fully, fairly, and truthfully so the juror's qualifications may be determined and so challenges may be intelligently exercised. *State v. Jackson,* 412 S.W.2d 428, 432[1] (Mo.1967). However, when the juror's inaccurate voir dire responses come to light after the jury is impaneled and sworn, thus raising the question whether a mistrial should be granted, the chief consideration is whether the defendant was prejudiced. *See State v. Hudson,* 508 S.W.2d 707, 709–10[5, 6] (Mo.App. 1974); *State v. Mullen,* 528 S.W.2d 517, 521 (Mo.App.1975). The determination of any possible prejudice is left largely to the sound discretion of the trial court. *State v. Hudson, supra; State v. Mullen, supra; State v. Jackson, supra.* In cases such as appellants' in which the juror has inaccurately failed to reveal his acquaintance with someone involved in the case, three factors are considered as indicative of prejudice: (1) the character of the acquaintance, (2) the juror's intent, and (3) the juror's assessment whether he will be influenced in deciding the facts of the case by the acquaintance. *State v. Mullen, supra* at 521[4].

In the case at bar, the association between the juror and the state's witness was not a close one. The juror had worked with the witness for approximately 2 years during high school before the juror went into military service and had not seen the witness for 6 years. The juror did not intend to give an inaccurate response during voir dire examination. He told the court that he did not recognize the witness' name at that time and had not known the witness had become a police officer. Finally, the juror told the court that the prior association would have no effect upon his ability to give the appellants a fair trial. Under the circumstances, we do not believe the trial court abused its discretion in denying a mistrial.

Appellants' second contention is that the trial court erred in overruling appellants' motion for judgment of acquittal because the state's case was based upon circumstantial evidence which was not all consistent with a theory of guilt nor inconsistent with a reasonable theory of innocence. Appellants argue: (1) the state presented no evidence connecting appellants with the building burglarized or with any stolen goods and (2) the defense presented by appellants was consistent with the state's evidence.

In reviewing the issue whether a submissible case was made, the court must view the evidence and inferences to be drawn therefrom in a light most favorable to the state and reject all evidence to the contrary. *State v. Gamache,* 519 S.W.2d 34, 39[1] (Mo.App.1975). If substantial evidence supports the finding of the jury, it will not be disturbed on appeal. *State v. Gamache, supra.*

A submissible case may be made on circumstantial evidence, but to warrant a conviction based upon such evidence, the facts and circumstances must: (1) be consistent with each other; (2) be consistent with the hypothesis of guilt; (3) be inconsistent with the hypothesis of innocence; and (4) point clearly to defendant's guilt so as to preclude any reasonable hypothesis of innocence. *State v. Gamache, supra* at 40[8]; *State v. Maxie,* 513 S.W.2d 338, 343[5] (Mo.1974). Nevertheless the circumstances need not demonstrate an absolute impossibility of innocence. *State v. Maxie, supra.*

We believe the state did make a submissible case against appellants. Viewed in a light favorable to the state, the facts are as follows. At approximately 5:00 a. m. on July 19, 1975, police responded to a burglar alarm at a warehouse. The warehouse had been secured at the close of business. As he arrived, one police officer saw 3 men run from a gangway. One man ran west and then turned south through a gangway. Two of the men ran east in an alley, and the officer pursued them in the patrol car. The officer lost sight of the two men, dressed in dark clothing, for a few seconds after they rounded the corner from

the alley into the street going south. When the officer reached the end of the alley, he saw no one on the street but a car was parked approximately 5 feet from the entrance to the alley. The officer found Appellant Shine and a juvenile, Sylvester Scruggs, lying on the front seat of the 2-door car. The two men were dressed in dark clothing and were breathing and perspiring heavily. The officer placed his hand on the men's chests and felt fast heartbeats. The officer testified that the men did not appear to have been asleep nor to be intoxicated. He smelled no alcohol on their breaths. No liquor bottles were found.

A second police officer had arrived at the warehouse in the meantime. This police officer found the door to the warehouse broken and standing open. Hi-fi and television sets had been moved to the doorway and the area outside the doorway. Later, the officer found Appellant Scruggs lying on his back, with his eyes open, in a gangway area against the wall of an adjacent building. Scruggs was behind some boards and a trash can. Scruggs did not appear to be intoxicated. The police officer found no liquor bottles and smelled no liquor on Scruggs' breath.

The appellants maintained that they had been drinking heavily during the night. They consumed beer and wine in the car and later went to the Harlem Tap Room, leaving at about 1:30 a. m. Appellant Shine testified that after eating some hamburgers in the car, he fell asleep in the back seat. Shine testified that the men had been too intoxicated to drive. Appellant Scruggs testified that he left the car to urinate and passed-out in the gangway.

We believe that the facts related by the arresting officers are consistent with each other and the hypothesis of guilt. While admittedly the evidence connecting appellants to the crime is circumstantial, the evidence is inconsistent with appellants' hypothesis of innocence. The officers testified that appellants did not appear to be sleeping or intoxicated, contrary to appellants' defense. In addition, the inference is strong that Appellant Shine is one of the two men who ran through the alley away from the scene of the burglary.

The trial court did not err in denying appellants' motion for judgment of acquittal or in refusing to grant a mistrial. The convictions are affirmed.

CLEMENS, P. J., and SMITH, J., concur.