**STATE of Missouri, Respondent,**

v.

**Gerald R. CARROLL, Appellant.**

**No. 38219.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 7, 1978.

Daniel V. O'Brien, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Ronald B. Safren, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

After certification by the juvenile court, the 16-year-old defendant was convicted in the circuit court for manslaughter and armed robbery and sentenced to 15 years' imprisonment.

Defendant's principal contention on appeal is that the trial court erred in denying his motion to suppress his confession because his pretrial counsel was incompetent in failing to prevent him from confessing. Defendant also contends that after the jury had deliberated three hours the trial court erred in giving MAI–CR 4.50 and MAI–CR 1.10.

The evidence showed the victim was approached by four boys who demanded his valuables. After having complied he called out for assistance; there was a gun shot and he was mortally wounded. Defendant's confession corroborated that evidence and admitted holding the gun when it fired.

Defendant contends his pre-trial counsel coerced him to confess—or failed to prevent him from doing so. We treat this contention as an attack on the voluntariness of the confession.

A prima facie showing of voluntariness is made when at all stages of the interrogation it appears the defendant is informed of his constitutional rights, that he understood those rights; that no coercion, promises, threats, or other unlawful means of inducement were employed.

State v. Gibson, 547 S.W.2d 861[3] (Mo.App. 1977).

The undisputed evidence here is that defendant was given Miranda warnings by a juvenile officer who explained each of those rights to him. He, his mother, the juvenile officer and his pre-trial counsel acknowledged in writing that he had been given those rights. The evidence about promises, coercion or other forms of inducement was conflicting. The credibility of witnesses testifying on voluntariness is within the discretion of the trial court. State v. Mussman, 526 S.W.2d 62, l. c. 64 (Mo.App.1975).

Defendant did not testify on the motion to suppress, but his mother testified his pre-trial counsel repeatedly told her son to make a statement to the juvenile authorities.

Defendant's pre-trial counsel testified he never urged defendant to make a statement. Rather, he initially advised defendant not to do so. When defendant expressed a determination to make a statement, counsel agreed to let him do so because he felt the statement could have future benefits in plea bargaining.

The trial court exercised its discretion in believing the testimony of counsel, and in determining the confession was voluntary. We find no error in denying defendant's motion to suppress.

Defendant also contends the court improperly gave MAI–CR 4.50 and MAI–CR 1.10 after the jury had deliberated only three hours and had not indicated their inability to reach a verdict. MAI–CR 4.50 apprises the jury it has the primary duty to fix punishment but that the court will do so if the jury is unable to agree. Giving it is discretionary with the trial court. State v. Lawson, 501 S.W.2d 176, 180 (Mo.App.1973). The giving of MAI–CR 1.10, the "hammer" instruction, is also discretionary with the trial court. State v. Doepke, 536 S.W.2d 950[6] (Mo.App.1976). We find no abuse of discretion.

Judgment affirmed.

SMITH, J., concurs.

McMILLIAN, J., concurs in results.