STATE of Missouri, Respondent,

v.

Gary L. BLAIR, Appellant.

No. WD 31994.

Missouri Court of Appeals,
Western District.

March 16, 1982.

James W. Fletcher, Public Defender, Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Gary L. Blair was found guilty by a jury of second degree burglary, § 569.170, RSMo 1978, and stealing, § 570.030, RSMo 1978, and punishment assessed at two years in prison on each count. The court ordered the sentences to run consecutively.

Blair now contends the court erred in (1) admitting evidence of an exculpatory statement which he made but which actually resulted in aid to the State's case; (2) in holding there was sufficient evidence to support the conviction; (3) in admitting a card with Blair's fingerprints from police files; and (4) in giving instructions which did not allow the jury to assess a fine. Affirmed.

On July 3, 1979, a salesman in the Firestone Store in Kansas City secured the building by locking all doors and noting that all windows were secure. About midnight on July 4, a police officer on routine patrol noticed that a back door of the store was propped open. Investigation revealed that a large tool chest mounted on wheels had been pushed against the door to keep it open. Further investigation revealed that interior doors and glass had been broken to gain access to merchandise. The value of the missing merchandise was over $5,000.

Evidence technicians from the police department sought to remove fingerprints from several sources and were successful in removing a print from the bottom of the tool chest which had held the back door open. This print was identified as belonging to Blair.

Blair contends a statement made by him to police after his arrest was inadmissible. Actually, Blair denied having made any statement, but now makes the inconsistent argument that he did not make a statement, but if he did, it was involuntary and should have been excluded from evidence.

Blair filed a pre-trial motion to suppress the statement. At this hearing Blair testified that he was arrested at home and, prior to any questioning, was given the *Miranda* warnings. He stated that he signed the card bearing this warning and that he fully understood his rights. However, he denied that he made any statement to the officer.

A Kansas City detective testified to reading Blair his rights and having Blair sign the card bearing the *Miranda* warning, and stated that Blair understood his rights. The detective stated that thereafter Blair

said he was not involved in the offense at the Firestone Store and did not have any knowledge of it. He further stated that he had never been inside the store and did not even know the store existed at that location. He further stated that Blair said he had no idea as to who might be involved in the offense.

The rule relating to the type of statement given by Blair is stated in 29 Am.Jur.2d Evidence, § 611, p. 665 (1967) as follows:

"Statements or declarations made by one accused of a crime, which relate to the crime with which he is charged, including those contained in a statement purporting to be exculpatory in nature, from which, in connection with other evidence, an inference of guilt can be drawn, are admissible in evidence against him, at least insofar as such statements have been made by the accused freely and voluntarily, without deprivation of his constitutional rights."

Much the same rule is stated in *State v. McCloud*, 328 S.W.2d 586, 588[2] (Mo.1959). Thus the first question to be determined is whether or not the statement was voluntary and not in violation of his constitutional rights. Blair conceded in his testimony that his rights had been read and explained to him and that he understood those rights and that he did not make any statement. It cannot be seriously contended that the statement testified to by the officer was involuntary. The next question is whether or not Blair made a statement. Faced with the testimony of Blair denying that he made the statement and the testimony of the officer that the statement was made, the court was required to form a belief on the issue according to the credibility of the witnesses. The credibility of the witnesses is within the discretion of the trial court. *State v. Carroll*, 562 S.W.2d 772, 773[2] (Mo.App.1978). The trial court was not required to believe Blair's testimony but was entitled to resolve the fact question and find that Blair did make the statement testified to by the detective. *State v. Simpson*, 606 S.W.2d 514, 517[9] (Mo.App.1980).

Blair contends the trial court misstated the law when it remarked that the State did not have any burden of proof in the motion to suppress. Of course, the State did have the burden to prove that the statement was made and that it was voluntary. *State v. Hughes*, 596 S.W.2d 723, 726[3, 4] (Mo. banc 1980). Regardless of the remark made by the court, the State did prove that the statement was made and was voluntary.

Blair further contends that the *Miranda* card was marked on the back by the detective who testified to the statement to indicate that no statement had been made and that Blair had refused to make a statement. The detective explained this by stating that his instructions concerning those questions on the back of the card were reserved for written statements only. He said that since Blair only made an oral statement and not a written one, he marked the card to indicate that no statement had been made. This discrepancy between the notations made on the card by the detective and his testimony went to his credibility which was resolved by the trial court.

The statement was shown to have been freely and voluntarily given without any violation of Blair's constitutional rights. It was therefore admissible. While Blair thought it was exculpatory, it later proved to be a link in the evidence to support his conviction.

Blair next contends the evidence was insufficient to sustain his conviction because the only evidence connecting him with the crime was his fingerprint on the tool chest. He contends his fingerprint could have gotten there at some time other than during the commission of a crime and argues that the chest could have been moved to other locations and his print could have gotten on it at that time.

The Firestone Store manager testified that the chest on which the print was found was so heavy that it required two to three men to move it. He further testified that the chest belonged to a mechanic who had been employed at that store for at least

four years and the chest had been there during that time.

 In *State v. Mussman*, 526 S.W.2d 62, 64 (Mo.App.1975) this court held that when fingerprints are found at the scene of a crime and in a place not generally accessible to the defendant absent the intervention of criminally culpable conduct on his part, the jury may infer guilt and such evidence would be sufficient to sustain a conviction. In this case Blair had denied ever being in the Firestone Store and even knowing of its existence. His print was found on a large and heavy tool chest inside the store. This chest was propping open a door which had been broken open to gain entrance and through which stolen merchandise was taken. The evidence shows that Blair's print was found at the scene of the crime and there is no explanation in the evidence for the print being there except for criminally culpable conduct on the part of Blair. Blair argues that there may be other explanations for his print being on the tool chest, but there was no evidence to support any of the theories he advances. His statement denying he had ever been in the store negates the theory that his print could have been innocently placed on the chest. However, even the existence of other possible hypotheses is not enough to remove the case from the jury and the circumstantial evidence supplied by the print is not required to demonstrate an impossibility of innocence. *State v. Nash*, 621 S.W.2d 319, 323[6] (Mo.App.1981). The evidence was sufficient to sustain the conviction. *State v. Hulbert*, 621 S.W.2d 310, 311 (Mo.App. 1981).

 Blair next complains of the admission of a fingerprint card which a police officer testified came from police files containing prints taken from Blair in 1977. At trial Blair's counsel objected to the introduction of the card on the ground that it showed the commission of other crimes. In the motion for new trial the objection to the card was that it was not properly authenticated and contained hearsay. It is well settled that an allegation of error in a motion for new trial may not be changed or broadened on appeal. Since the contention now made is not contained in the motion for new trial, such contention has not been preserved for review. *State v. Harris*, 534 S.W.2d 516, 519[3, 4] (Mo.App.1976). However, an examination of the card reveals that there is no indication on it of any other crime, either by way of arrest or conviction. The card is analogous to the mugshot discussed in *Nash* at 621 S.W.2d 323[7]. Relative to the mugshot, it was held that since there was no showing that the photos were only of persons who committed other crimes or that the average juror believes that persons whose photographs are on file with the police have committed prior crimes, it was not error to refer to mugshots. Neither of these factors were shown in this case, and on the same reasoning as applied to mugshots in *Nash*, there was no error in admitting the fingerprint card.

 Blair finally contends that the court erred as a matter of plain error in failing to instruct the jury that it could assess a fine instead of a period of confinement. This question has recently been answered in *State v. Bradford*, 627 S.W.2d 281 (Mo.1982). In *Bradford* the court relied on *State v. Van Horn*, 625 S.W.2d 874 (Mo. 1981) in holding that only the court could assess a fine in lieu of a period of confinement and, therefore, the failure to instruct the jury as to the possibility of the punishment being a fine was not plain error.

The judgment is affirmed.

All concur.