**STATE of Missouri, Respondent,**

v.

**Robert CAMPBELL, Appellant.**

No. 44328.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 20, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Case Transferred to Supreme Court
Nov. 15, 1982.

Case Retransferred to Court of
Appeals Nov. 17, 1982.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kelly Klopfenstein, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Robbery and motor car tampering. The only issue challenges the submission of tampering when, after the gun-point robbery of the victim, defendant escaped in another person's stolen car.

The robbery evidence: Defendant and others robbed security guard Donald Schuessler at gun-point, taking his money and weapon. After a high speed chase police soon arrested defendant riding in Theodore Holman's stolen Chevrolet.

The stolen car evidence: Holman testified that on the afternoon before the charged security guard robbery, unidentified men stole his Chevrolet. This was the car in which defendant tried to evade the police the next day.

The state charged defendant in separate counts with robbery and carrying a concealed weapon. Upon guilty verdicts the court sentenced defendant as a persistent offender to consecutive 25 and 5 year prison terms. Defendant does not challenge these convictions.

The state also charged that on the day before the robbery defendant had tampered with Holman's Chevrolet, the car in which defendant was riding moments after robbing the security guard. The jury found defendant guilty on this count. The trial court assessed an eight-month term, but found defendant had already been jailed that long and discharged him from serving time on the tampering charge.

As said, defendant contends the court erred in refusing to sever the tampering charge from the robbery and concealed weapons charges. He contends this was an unrelated offense. Not so.

Supreme Court Rule 23.05 provides that two offenses "that constitute parts of a common scheme or plan" may be jointly charged.

We look to the tampering charge evidence. Mr. Holman testified his Chevrolet was stolen in his presence by unidentified men. The next day the defendant was riding in the stolen Holman car as he tried to elude police. The offense of tampering, § 569.090.1, is committed by a person who "unlawfully operates or rides in or upon another's automobile". The evidence supported the tampering charge. Compare *State v. Crawley*, 478 S.W.2d 344, l.c. 345 (Mo.1972).

Using the stolen car to escape from the robbery clearly met the Rule 23.05 joinder test by being "part of a common scheme or plan". The trial court's denial of severance

was discretionary and resulted in no clear prejudice. Compare *State v. Williams*, 603 S.W.2d 562[7] (Mo.1980).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.