**STATE of Missouri, Respondent,**

v.

**Bernard NEWMAN, Appellant.**

**No. WD33479.**

Missouri Court of Appeals,
Western District.

April 26, 1983.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, George Cox, Asst. Atty. Gen., for respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

DIXON, Presiding Judge.

Defendant appeals his conviction by a jury of first degree robbery, § 569.020 RSMo 1978. Newman was found guilty of stealing money from a tavern by threatening the barmaid with a gun. Defendant contends the trial court erroneously limited defense counsel's questioning of the venire panel and that the trial court erred in giving MAI–CR2d 1.10, the hammer instruction.

▇ The court sustained the state's objections to the following questions propounded by defense counsel on voir dire.

> Do all of you agree that a person particularly nervous or frightened at one moment would be more apt to make a mistake at that particular time . . .

> Do all of you agree that a person's recollection of an incident is properly more accurate on the day of an incident than two weeks later?

Defendant contends the ruling deprived him of the intelligent use of his peremptory strikes. He argues that it was essential to plumb the attitudes of the venire panel toward the reliability of eyewitness identification because the state's case depended solely on the barmaid's identification of defendant as the robber. Although there were customers in the bar at the time of the robbery, only the barmaid could identify the robber.

The law accords a "liberal latitude" toward voir dire examination, *State v. Granberry,* 484 S.W.2d 295, 299 (Mo. banc 1972), but the court's ruling on the questions posed by defense counsel in this case was proper. It is proper for counsel to inquire whether anyone on the venire panel holds preconceived opinions about the reliability of eyewitness testimony. The questions were asked in a form which sought to commit the jury. The propriety of such voir dire questions was discussed in *Smith v. Nickels,* 390 S.W.2d 578, 582 (Mo.App.1965):

> [W]hen the inquiry includes questions phrased or framed in such manner that they require the one answering to speculate on his own reaction to such an extent that he tends to feel obligated to react in that manner, prejudice can be created. The limitation is not as to the information sought but in the manner of asking.

The questions were properly excluded as an attempt to sway the jury's evaluation of the eyewitness's testimony by committing them in advance to an evaluation of the testimony.

▇ Defendant's other point challenges the court's reading of the hammer instruction, MAI–CR2d 1.10. The jury retired at 11:20 in the morning. The jury sent a note to the judge at 1:45 p.m. indicating the jury's inability to reach a verdict. The judge waited until 3:20 p.m. to interrupt the jury's deliberations, at which time he questioned their progress. The forewoman indicated, without reference to *how* the votes were split, that the jury was numerically split ten to two. When asked whether further deliberation would aid the jury in reaching a verdict, the forewoman respond-

ed that she doubted any opinions could be changed. The court then read MAI–CR2d 1.10. The jury returned with the guilty verdict at 4:20, an hour later. Defendant complains in his motion for new trial that the jury was coerced into rendering its verdict by the reading of the hammer instruction under those circumstances. In a supplemental brief filed in this court, defendant claims the instruction worked a denial of due process. The due process challenge was not specifically raised as a ground of court error in the motion for new trial and, thus, is not preserved for appellate review. Rule 28.03; *State v. Harris,* 564 S.W.2d 561 (Mo.App.1978).

██ Whether to read MAI–CR2d 1.10 to the jury is a matter within the sound discretion of the trial court. *State v. Broadux,* 618 S.W.2d 649 (Mo. banc 1981). Defendant must demonstrate coercion in order to establish an abuse of that discretion. *State v. Thurber,* 625 S.W.2d 931 (Mo.App. 1981). The fact that the verdict was returned an hour after the instruction was read or that the forewoman had advised the judge that further deliberation was useless does not demonstrate coercion. *State v. Hawkins,* 581 S.W.2d 102 (Mo.App.1979). In *State v. Crawley,* 478 S.W.2d 344 (Mo. 1972), the reading of the hammer instruction after only an hour and forty-five minutes of deliberation was upheld in the face of defendant's arguments that it was coercive and denied him his rights to due process and equal protection. In *Crawley,* the verdict was returned just fifteen minutes after the instruction was read. As defendant has failed to demonstrate coercion, his point is without merit.

The judgment of conviction is affirmed.

All concur.