**STATE of Missouri, Respondent,**

v.

**Ernest ROBINSON, Appellant.**

**No. 42184.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1984.

Gail N. Gaus, Clayton, for appellant.

John Ashcroft, Atty. Gen., Dan J. Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a jury conviction of second degree burglary, upon which he was sentenced to eight years' imprisonment. We affirm.

■ Defendant's first point relates to objections to the transcript on appeal. However, the parties, by stipulation filed in this court, agreed to the submission of the transcript, with corrections noted, to allow the resolution of this appeal on the merits. Therefore, defendant's first point is denied.

■ Defendant next asserts there was insufficient evidence identifying him as the perpetrator of the burglary to submit the case to the jury. Specifically, the only evidence directly connecting him with the crime was one fingerprint, found on the outside of the window frame of the motel room which was the scene of the burglary.

In examining the sufficiency of the evidence, we must view it in the light most favorable to the state. *State v. Summers*, 660 S.W.2d 772, 773 (Mo.App.1983). When the evidence relied upon is circumstantial, the facts and circumstances relied upon must be consistent, both internally, and with the hypothesis of defendant's guilt. All reasonable hypotheses of defendant's innocence must be negated. *State v. Petersen*, 640 S.W.2d 123, 124 (Mo.1982).

The evidence showed the victim retired to his room at the Executive International Inn in Bridgeton, Missouri, around 11:30 p.m. on November 1, 1976. He opened the window about three inches for fresh air, closed the curtains and went to bed. At about 5:30 the next morning, he awoke and realized the room was cold. He went to close the window, reached behind the curtains, and felt a person. This person had apparently entered the room through the window, because it was wide open, and the door was locked. They struggled and the person left the room by the door. Victim returned to the window, and saw a black male running across the hotel parking lot.

Approximately an hour later, after the police had been called, two fingerprints were lifted for comparison. One, found on the inside of the door, was identified as the victim's palm. The other was found on the outside of the metal window frame. The area outside the window, located between the building and the parking lot, was gravelled, with some bushes planted there. It was not the usual walking area. The print, identified as defendant's left thumb, was pointing upwards. Officer Ganninger testified both prints were fresh ones, very easy to lift, and therefore he believed they had been made recently. The one on the window, unprotected from the weather, would deteriorate faster than a similar print inside, according to the testimony of two officers. Officer Bryan also testified it was unlikely a print, exposed to the weather, would last for months.

When defendant was arrested, he disclaimed all knowledge of, or involvement in, the crime. He also said he had not been near that motel in months.

■ When the evidence shows fingerprints were found at the scene of a crime, in a place which is not generally accessible to one without criminally culpable behavior on his part, the evidence is sufficient to support the submission of the case to the jury. *State v. Blair*, 631 S.W.2d 91, 94 (Mo.App.1982). A reasonable jury could believe from the evidence in this case that the intruder entered the room through the window, opening it wider to allow entry. The fingerprint identified as defendant's was less than a week old, was as fresh as the palm print inside, and would be subject to rapid deterioration due to exposure to

the elements. The ground outside the window was not an area where people would usually be. The print was found in an area not usually accessible to defendant, and was probably placed there at the time of the burglary. *State v. Hulbert*, 621 S.W.2d 310, 311–12 (Mo.App.1981).

■ Finally, defendant argues the trial court erred in refusing to amend the record, and in refusing his motion for an order nunc pro tunc to conform the written memorandum of sentence to the oral record. He has also moved to amend the record in this court. He claims that the judge orally sentenced defendant to an eight year sentence to run concurrent with an eight year sentence in another case, but that the written sentence indicated they were to be served consecutively, and in such a case, the oral pronouncement is to prevail. *Plant v. State*, 608 S.W.2d 91 (Mo.App.1980).

We have before us the transcript of the sentencing in cause number 388630, the subject of this appeal, and cause number 392420, in which defendant pled guilty in a bargained arrangement. The transcript shows the trial court orally pronounced the sentences to be served consecutively. The plea bargaining agreement shows the sentences were to be served consecutively. Defendant understood the sentences were to be served consecutively. The written version of the sentence correctly reflected that the sentences were imposed consecutively, and did not conflict with the oral pronouncement. Defendant's motion to amend the record is overruled, and his point is denied.

Affirmed.

PUDLOWSKI and SIMON, JJ., concur.