STATE of Missouri, Respondent,

v.

George STACK, Appellant.

No. 47921.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 9, 1984.

Motion for Rehearing and Transfer Denied Nov. 20, 1984.

Application to Transfer Denied Jan. 15, 1985.

Dave Hemenway, Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction for first degree burglary, for which defendant was sentenced as a persistent offender to thirty years' imprisonment. We affirm.

Defendant, in his sole point on appeal, challenges the sufficiency of the evidence to prove the requisite intent to commit a crime inside the subject premises. § 569.160.1, RSMo 1978. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the state, granting the state the benefit of all inferences and disregarding defendant's evidence except where it aids the state. *State v. Applegate*, 668 S.W.2d 624, 627 (Mo.App.1984). As the evidence relied upon is circumstantial, it must be internally

consistent, and consistent with the hypothesis of defendant's guilt, negating all reasonable hypotheses of innocence. *State v. Robinson*, 670 S.W.2d 541, 542 (Mo.App. 1984).

The state's evidence tended to show a neighbor observed a figure near the burglarized premises on February 1, 1983, at 6:30 p.m. Knowing the occupant of the house, an 83 year old widow, went to bed around 6:00 p.m., the neighbor called the police. The officers found the phone lines had been cut, and a fiberglass panel broken out of a sun-porch. A prybar was seen near the panel. The back door, which had been nailed shut, was pushed open. Noises from inside, sounding like someone knocking objects over, were heard, followed by an expletive expression. The police ordered the subjects to come out. They exited onto the porch, where one officer ordered them to lie on the ground. They complied with that order only after it was repeated by a second officer. The men were then arrested.

Inside the house, the police found, on separate sides of the entry way, an old pair of hose. Victim stated the hose was not hers. Mud had been tracked all over the house, which victim testified had not been there before she went to bed. Both men had mud on their shoes. A briefcase, discovered inside the house and identified as belonging to defendant's companion, contained burglary tools and a roll of duct tape. One officer testified he smelled alcohol on defendant; however, both testified neither defendant nor his companion appeared to be drunk.

Defendant's sole witness was his companion. He testified they knew each other from work, which had been cancelled that day because of rain. Their boss dropped them off at a lounge in Times Beach. On the way, the companion stopped at his house to pick up the briefcase "in case an opportunity arose." While at the lounge, they drank. The companion drank four beers, and defendant had over a case of beer and almost a fifth of whiskey.

Upon leaving the bar, they hitchhiked to St. Louis, ending up in Kirkwood. The companion got tired of "carrying" defendant, whom he described as falling down, slobbering drunk, so he left defendant under a water tower and tried to go to a friend's house. Instead, he broke into victim's house, and then went to get defendant, because it had started to rain, and he was afraid defendant would wake up and wander off. They returned to the house, re-entered, and he left defendant sitting against a wall, while he prowled around the house. The police then came. The companion pleaded guilty to second degree burglary with another, a charge arising out of the events of that evening.

The state must prove defendant had the requisite intent to commit a crime inside the burglarized premises. § 569.160, RSMo 1978. Such proof, of necessity, is seldom direct; usually, intent is established circumstantially and inferentially. *State v. Harness*, 654 S.W.2d 297, 299 (Mo.App. 1983).

In this case, the evidence shows forcible entry through a fiberglass panel (accomplished using a prybar) and the opening of a nailed-shut door. *See State v. Washington*, 484 S.W.2d 267, 269–70 (Mo. 1972). Defendant exited the house only under police compulsion, and only obeyed a clear, direct police command to lie down when confronted by a second officer. This shows active participation, not mere presence. He was associated with his accomplice, who admitted his part in the crime, during the entire day preceding the burglary. See *State v. Ingram*, 568 S.W.2d 562, 563 (Mo.App.1978). They carried burglary tools. Entry by two intruders is implied by the two stockings found in different locations, which victim testified were not hers. Their tracks were found all though the house. Finally, defendant's claim of intoxication was refuted by the testimony of both officers. *See State v. Scruggs*, 551 S.W.2d 306, 309 (Mo.App.1977). The explanation offered at trial, which the jury certainly was free to disbelieve, *State v. Tolson*, 630 S.W.2d 611, 613 (Mo.App.1982),

was implausible, and did not create a reasonable hypothesis of innocence. Nor can we create one. This combination of circumstances was sufficient to support the conviction.

Judgment affirmed.

REINHARD, C.J., and KAROHL, J., concur.