**STATE of Missouri, Plaintiff-Respondent,**

v.

**Tommy Everett JONES, Defendant-Appellant.**

No. 14152.

Missouri Court of Appeals, Southern District, Division One.

April 9, 1986.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Holy G. Simons, Columbia, for defendant-appellant.

GREENE, Judge.

Tommy Everett Jones was jury-convicted of stealing property valued more than $150, a class C felony, and after a finding that he was a persistent offender due to prior convictions of burglary, stealing, and felonious escape, was sentenced to ten years' imprisonment by the trial court.

On appeal, Jones claims the trial court erred in failing to give a lesser included offense instruction, and by submitting instruction MAI–CR2d 1.10 (the hammer instruction) to the jury, over his objection. We affirm.

The sufficiency of the evidence to sustain the conviction is not questioned so a brief summary of the facts will suffice. There was substantial evidence to show that on the evening of July 28, 1984, Jones and Clyde Young stole a chain hoist belonging to the Gisi Oil Company. Jones loaded the hoist into the trunk of Young's car. The two men were observed during the theft by Charles Robertson, who reported the incident to Paul Fitzpatrick, a police officer. Fitzpatrick later apprehended Young, and the hoist was found in the trunk. Young testified as a state's witness at trial, and implicated Jones. Jones testified, and denied being with Young at the time of the theft.

In his first point, Jones claims there was evidence that the value of the hoist was less than $150 and, for that reason, it was reversible error for the trial court not to instruct the jury on misdemeanor stealing, which was a lesser included offense to the crime charged.

At trial, Gale Miller, a part owner of the oil company, testified the fair market value of the hoist was $300, and that he based that opinion on its replacement cost. On cross-examination, Clyde Young testified as follows: "Q: Do you have an idea as to what you thought you might receive from the sale of this chain hoist. A: $50–75." There was no defense testimony regarding the value of the chain hoist.

Jones did not request a lesser included offense instruction prior to submission of the case to the jury. Except in homicide cases, a defendant may not complain on appeal about the trial court's failure to give a lesser included offense instruction, absent a specific request at trial that he do so. *State v. Olson,* 636 S.W.2d 318, 322 (Mo. banc 1982). The point was not preserved for appeal. Even if it had been, Jones' statement that he hoped to get $50–$75 for the hoist did not constitute evidence of value, but was merely a conclusion.

In his remaining allegation of error, Jones contends that he was prejudiced by the trial judge giving the jury instruction No. 10, which was based on MAI–CR2d 1.10. MAI–CR2d 1.10 reads as follows:

It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue. Yet each of you should respect the opinion of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict.

This is a relatively simple case, and all of the evidence was presented in a few hours. The jury retired to deliberate at 2:20 P.M., and was given the disputed instruction at 5:30 P.M., which is over three after deliberations started.

Whether MAI–CR2d 1.10 is read to the jury is a matter which rests within the

discretion of the trial court, and appellant must prove jury coercion in order to establish an abuse of that discretion. *State v. Newman*, 651 S.W.2d 185, 187 (Mo.App. 1983). No jury coercion is shown in this case. See *State v. Crawley*, 478 S.W.2d 344, 346 (Mo.1972), and *State v. Calmese*, 657 S.W.2d 662, 663–64 (Mo.App.1983), for examples where the hammer instruction was given after less jury deliberation than here. In both of those cases, the appellate court found no coercion. The point has no merit.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.